The STATE of Ohio, Appellee,

v.

McGLONE, Appellant.

[Cite as *State v. McGlone* (1992), 83 Ohio App.3d 899.]

Court of Appeals of Ohio,
Scioto County.

No. 90CA191.

Decided Dec. 11, 1992.

*Curtis McGlone, pro se.*[1]

HARSHA, Judge.

This case originally came before us in the form of appellant's appeal as of right from four judgments of conviction and sentence. We affirmed those convictions in *State v. McGlone* (Mar. 12, 1992), Scioto App. No. 90CA1910, unreported, 1992 WL 50021. On April 10, 1992, appellant filed a "notice of appeal to the Supreme Court of Ohio." The Supreme Court of Ohio dismissed that appeal on August 12, 1992. *State v. McGlone* (1992), 64 Ohio St.3d 1439, 596 N.E.2d 469. On September 3, 1992 appellant filed a "motion for delayed reconsideration" and a separate brief in support. Normally an application to this court for reconsideration of one of its judgments must be filed "before the judgment or order of the court has been approved by the court and filed by the court with the clerk for journalization or within ten days after the announcement of the court's decision, whichever is later." App.R. 26. Clearly appellant has not filed for reconsideration within the time limit set out in App.R. 26. However, he cites *State v.*

---

1. Although Lynn A. Grimshaw and R. Randolph Rumble, the Scioto County Prosecuting Attorney and the Assistant Scioto County Prosecuting Attorney, respectively, entered an appearance in the appeal as of right, they have not filed a brief opposing reconsideration of this matter.

*Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, as authority for the proposition that he is entitled to delayed reconsideration.

In *Murnahan,* the Supreme Court of Ohio held:

"Where the time period for reconsideration in the court of appeals and direct appeal to the Supreme Court has expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court, pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court." *Id.,* paragraph three of the syllabus; see, also, *Tucker v. Collins* (1992), 64 Ohio St.3d 77, 77–78, 591 N.E.2d 1241, 1241–1242; *State v. Van Johnson* (1992), 63 Ohio St.3d 306, 306–307, 587 N.E.2d 298, 298; *State v. Meadows* (1992), 63 Ohio St.3d 135, 585 N.E.2d 830. In reaching its holding in *Murnahan,* the court discussed the circumstances under which delayed reconsideration is appropriate:

"Therefore, in an individual case where a defendant has put forth a colorable claim of ineffective assistance of appellate counsel, where the circumstances render the application of *res judicata* unjust, and the time periods for reconsideration in courts of appeals and direct appeal to this court have expired, he or she must: (1) apply for delayed reconsideration in the court of appeals where the alleged error took place pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied, then (2) file for delayed appeal in this court pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court. *Before granting reconsideration, the court of appeals should determine whether there are substantive grounds for relief.* In making such a determination, the court may consider, in addition to the motion and any supporting affidavits, all the files and records pertaining to the proceedings against the defendant that were originally transmitted to the court of appeals. If the court summarily dismisses the request for reconsideration, it shall state in its entry the reasons for not further reviewing the defendant's request." (Emphasis added.) *Murnahan,* 63 Ohio St.3d at 66, 584 N.E.2d at 1209.

In his brief in support of delayed reconsideration, appellant states the following:

"Assignment of Error No. 1:

"The defendant-appellant was denied due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I to the Ohio Constitution in the perfection of his first appeal as of right when he was deprived of his Sixth Amendment right, *accord:* Section 10, Article I to the Ohio Constitution, to the effective assistance of appellate counsel, where appellate

counsel failed to raise an obvious and significant error on review that appellant was denied his Sixth and Fourteenth Amendment rights, *accord:* Sections 10 and 16, Article I to the Ohio Constitution, to the effective assistance of trial counsel; in that, trial counsel failed to file a pre-trial motion to suppress a blue flight baf [*sic* ] and its contents of cocaine that were the fruits of an illegal search and seizure in violation of the Fourth Amendment to the United States Constitution, and Section 14, Article I of the Ohio Constitution.

"Issues Presented for Review:

"Are police officials who have a search warrant to search for food stamps required to obtain an additional warrant to search for drugs when they obtain a package that they highly suspect contains drugs during the course of the search for food stamps?; and, if so, is the appellant deprived of the effective assistance of trial counsel when trial counsel fails to file a pre-trial motion to suppress the frugs [*sic* ], and further denied the effective assistance of appellate counsel when appellate counsel fails to assign on direct appeal that appellant was denied the effective assistance of trial counsel for not filing a motion to suppress the drugs obtained from the search before trial?" (Emphasis added.)

We find the emphasized portion of appellant's "Issues Presented for Review" to be an accurate summary of the issue presented in his brief. However, we note that there was no evidence that the "police officials" subjectively "highly suspect[ed]" the contents of the package was drugs.

Prior to granting reconsideration, we must determine whether there are substantive grounds for relief. *Id.* When a motion for delayed reconsideration is filed, we must first determine whether the motion asserts a colorable claim of ineffective assistance of appellate counsel.

■ Appellant contends he was denied effective assistance of appellate counsel due to that counsel's failure to assert as error appellant's trial counsel's failure to file a pretrial motion to suppress the cocaine. The ultimate issue to be resolved by such a motion involves the question of whether the officers executing the search warrant for food stamps were required to obtain an additional warrant to open the package containing the cocaine. In his brief on direct appeal, appellant asserted the following assignment of error:

"I.   Curtis McGlone was deprived of the constitutional right to the effective aid of counsel.

" *  *  *

"E.   Defense counsel failed to object to the admission of the blue flight bag and its contents as being the fruits of an unlawful search and seizure."

In resolving this assignment of error, we held:

"A search warrant which authorizes an officer to search a home for contraband food stamp coupons authorizes the officer to search the entire area where those coupons might be found.  See *United States v. Ross* (1982), 456 U.S. 798, 820 [102 S.Ct. 2157, 2170, 72 L.Ed.2d 572, 590].  The limiting factor is the size and nature of the item named in the warrant as the target of the search.  See, *id.*, at 824 [102 S.Ct. at 2172, 72 L.Ed.2d at 593].  * * *

"The testimony below indicated that when Wheeler found the blue flight bag and the package inside, there was no way of knowing there were no food stamps inside it.  The package was "a soft pliable item."  The exhibits admitted at trial indicated that food stamp coupon books could have been concealed in the flight bag and its inner package.  The bag and package were not so small, nor the food stamps so large, as to prevent concealment of the stamps within the bag or package.  *Accordingly, a search of the bag and package was within the scope of the search warrant obtained.  The officers were not required to obtain an additional warrant to search them.*  Thus, appellant's trial counsel committed no error by failing to object to the admission of the flight bag and cocaine upon that basis.  For the foregoing reasons, appellant's first assignment of error is overruled." (Emphasis added.)  *State v. McGlone* (Mar. 12, 1992), Scioto App. No. 90CA1910, unreported, at 22–24, 1992 WL 50021.

Not only did appellant's trial counsel not err in failing to object, he did not err in failing to file a motion to suppress the contents of the bag, since such a motion would have been meritless.  If trial counsel had no duty under *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to raise such an issue in that forum, appellate counsel's performance cannot be considered deficient and prejudicial to appellant for failing to assert such a meritless claim on appeal.

■  Furthermore, as can be seen from the above excerpt from our prior decision and judgment entry, this court has already passed upon the issue of whether a second warrant was needed to search the package in which the cocaine was found.  Circumstances do not render the application of this branch of *res judicata* unjust.  Appellant's current application for reconsideration neither raises an issue that was not considered at all or not fully considered, nor does it raise a colorable claim of ineffective assistance of appellate counsel.  Thus, the application does not contain valid substantive grounds for relief and appellant is precluded from prevailing upon a motion for delayed reconsideration.  *Murnahan*, 63 Ohio St.3d at 66, 584 N.E.2d at 1209.

Accordingly, based upon the foregoing reasons, we deny appellant's application for delayed reconsideration.

*Application denied.*

PETER B. ABELE, J., concurs.

GREY, J., concurs separately.

GREY, Judge, concurring.

Although I dissented in the original appeal, I concur in the judgment and entry which deny delayed reconsideration. The issue raised here, suppression of the package of cocaine, was considered on its merits by this court in the appeal. It was discussed by the majority opinion, and gave rise to my dissenting opinion.

While I do not abandon my original position that the search exceeded the bounds of the warrant, I believe the *Murnahan* case is only for cases where an issue which should have been raised on appeal was not. This is not that kind of case, and so I concur in the denial of the application for delayed reconsideration.