[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 10.]

THE STATE OF OHIO, APPELLEE, V. NICKELSON, APPELLANT.

[Cite as *State v. Nickelson*, 1996-Ohio-5.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to state a colorable claim— Reviewing court cannot add matter to the record and then decide the appeal on the basis of the new matter.*

(No. 95-1037—Submitted September 12, 1995—Decided March 1, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APA04-582.

---

{¶ 1} Appellant, Leshawn Nickelson, was convicted of aggravated burglary, aggravated robbery, and kidnapping, but his convictions were overturned on appeal and a new trial was ordered. *State v. Nickelson* (July 13, 1993), Franklin App. No. 93AP-159, unreported. Nickelson was convicted a second time, and the Court of Appeals for Franklin County affirmed the trial court's judgment. *State v. Nickelson* (Sept. 27, 1994), Franklin App. No. 94APA04-582, unreported.

{¶ 2} On February 28, 1995, Nickelson filed a motion to reopen his appeal pursuant to App.R.26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, which the court of appeals denied on April 11, 1995. Nickelson now appeals to this court.

---

*Michael Miller*, Franklin County Prosecuting Attorney, and *Susan E. Day*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, and *Thomas R. Wetterer*, *Jr.*, Assistant Public Defender, for appellant.

---

**WRIGHT, J.**

{¶ 3} In his application to reopen, Nickelson claimed that his appellate counsel had been ineffective because he failed to raise the following issues on appeal: (1) prosecutorial misconduct during closing argument, (2) trial counsel's and the trial judge's failure to explore the potentially prejudicial relationship between an assistant prosecutor and a juror, (3) trial counsel's failure to move for a jury view, and (4) trial counsel's failure to pursue evidentiary leads and conduct other pretrial investigation. Nickelson also claimed that his appellate counsel was ineffective because he failed to obtain or review the transcript of closing argument at trial.

{¶ 4} The court of appeals denied both Nickelson's request for the trial transcript and application to reopen. The court denied the application because, based on the record presented, it could not find that appellant had been prejudiced by a tainted jury or improper closing argument. The appellate court also held that the failure to move for a jury view could not be prejudicial, since it was not evidence, and that appellant did not otherwise state a colorable claim.

{¶ 5} We affirm the court of appeals insofar as it denied Nickelson's motion for a free transcript. The right to a transcript at public expense does not attach until an appeal is actually pending. *State ex rel. Taylor v. Cuyahoga Cty. Common Pleas Court* (1969), 20 Ohio St.2d 5, 49 O.O.2d 53, 251 N.E.2d 609.

{¶ 6} We also affirm the court of appeals' denial of the application to reopen.

{¶ 7} We review Nickelson's application under the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, to determine whether Nickelson has raised a "genuine issue" to his claim that he was denied the effective assistance of appellate counsel. *State v. Reed* (1996), ___ Ohio St.3d ____, ____ N.E.2d ____.

{¶ 8} The events which Nickelson claims occurred during closing argument do not rise to the level of prosecutorial misconduct denying appellant a fair trial, since Nickelson concedes that his trial counsel objected to the statements in question and that

the trial court delivered a limiting instruction to the jury. Because there would have been no "reasonable probability" of success had Nickelson's counsel asserted this claim, appellate counsel's failure to raise the issue on appeal was not prejudicial. See *Strickland* at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

{¶ 9} Moreover, we find that Nickelson has failed to demonstrate a "reasonable probability" of success had appellate counsel raised trial counsel's failure to explore potential juror prejudice, to move for a jury view, and to investigate. Accordingly, we affirm the judgment of the court of appeals in its entirety.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____