DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from Adams County Common Pleas Court judgments of conviction and sentence. The jury found Richard Chamblin, defendant below and appellant herein, guilty of (1) engaging in a pattern of corrupt activity, in violation of R.C.2923.32, (2) cultivation of marijuana, in violation of R.C.2925.04, (3) three counts of drug possession, in violation of R.C. 2925.11 and (4) four counts of drug trafficking, in violation of R.C. 2925.03.
 {¶ 2} Appellant assigns the following errors for review:
First Assignment of Error:
"The trial Court erred as a matter of law by sentencing appellant to one and one-half years on the felony of the Fifth Degree charges."
Second Assignment of Error:
"The trial court erred as a matter of law and to the prejudice of appellant by sentencing appellant on count 1 and count II [sic] where appellant could not be convicted of a felony of the first degree and a felony of the Third Degree, respectively."
Third Assignment of Error:
"Appellant's conviction for engaging in a pattern of corrupt activity was against the manifest weight of the evidence and is error as a matter of law where the statutory requirements were not met."
Fourth Assignment of Error:
"The court erred as a matter of law in giving the jury instructions and in answering questions from the jury."
Fifth Assignment of Error:
"The trial court erred by sentencing appellant in count ii to a felony sentence where the correct sentencing [ sic] was for a minor misdemeanor."
Sixth Assignment of Error:
"Appellant was denied his right to a fair trial due to the ineffective assistance of counsel under both [the] Ohio and Unitied [sic] states constitution[s.]"
Seventh Assignment of Error:
"Counsel represents that she can find no other error present in the record and requests this court to independently review the record for any such error."
 {¶ 3} In January and February of 2001, Brian Jones made four undercover drug purchases from appellant on behalf of the Adams County Sheriff's Department.[3] The Sheriff's Department used the purchases as a basis for obtaining a search warrant. During the warrant's execution, authorities found in appellant's home large caches of marijuana and other drugs as well as drug paraphernalia. Authorities also found forty-one (41) marijuana plants growing beneath appellant's home.
 {¶ 4} The Adams County Grand Jury returned an indictment on May 31, 2001 charging appellant with (1) one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32, (2) one count of cultivating marijuana, in violation of R.C. 2925.04, (3) four counts of drug possession, in violation of R.C. 2925.11; and (4) four counts of drug trafficking, in violation of R.C.2925.03. The prosecution amended the indictment twice during the course of the trial court proceedings. First, on August 7, 2001 Count I (engaging in a pattern of corrupt activity) was amended to assert a range of dates rather than one specific date.[4] Second, on August 14, 2002, the indictment was amended to change the degree of the offense on Count I (engaging in a pattern of corrupt activity) from a second degree felony to a first degree felony, and Count III of the indictment (cultivation of marijuana) from a third degree felony to a fifth degree felony.
 {¶ 5} Appellant pled not guilty to all charges and the matter came on for jury trial over several days in August 2002. At trial, Jones described the undercover drug purchases he made from appellant. His story was corroborated by Detective Jeff McCarty who testified that he listened to the drug deals by way of a wire worn by Jones. Moreover, Detective McCarty described many items (e.g. marijuana, marijuana plants, narcotics and a ledger for recording drug sales) removed from appellant's home. Appellant testified in his own defense and denied that he sold drugs to Jones. In fact, appellant claimed that Jones tried to sell him drugs. Appellant denied that the marijuana and other drugs taken from his home belonged to him and further explained that the so-called drug sale ledger was simply a way to record loan transactions with friends.[5]
 {¶ 6} The jury was apparently unswayed by appellant's account of these events and returned verdicts finding him guilty on all but the last count of the indictment (drug possession). The trial court issued a judgment of conviction on August 14, 2002 and the matter was passed for pre-sentence investigation.
 {¶ 7} At appellant's sentencing hearing, the trial court ordered appellant to serve eight years in prison on Count I (engaging in a pattern of corrupt activity) and four years in prison on Count II (drug possession), with the two sentences to run consecutively to each other. On the remaining seven counts, the court sentenced appellant to serve one and one half year prison sentences on each, to run consecutively to each other as well as the sentences for Counts I II. This appeal followed.
 I {¶ 8} Before we turn to the merits of the specific assignments of error, we pause to address a procedural issue that arises in several of appellant's arguments. We note the number of alleged errors to which appellant objects on appeal were not raised at the trial court level. Thus, appellant technically waived those particular claims of error. While this normally precludes us from considering the issue on appeal, Crim.R. 52(B) allows us to address "plain errors" or defects so great they affected a substantial right of the defendant.
 {¶ 9} We further note the notice of plain error under Crim.R. 52(B) is to be taken with the utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Barnes (2002),94 Ohio St.3d 21, 27, 759 N.E.2d 1240; State v. Hill (2001),92 Ohio St.3d 191, 196, 749 N.E.2d 274; State v. Landrum (1990),53 Ohio St.3d 107, 111, 555 N.E.2d 710. The plain error rule should not be invoked unless it can be said that, but for the error, the outcome of the proceedings below would clearly have been otherwise. See State v. Jackson (2001), 92 Ohio St.3d 436, 438,751 N.E.2d 946; State v. Sanders (2001), 92 Ohio St.3d 245,263, 750 N.E.2d 90; State v. Underwood (1983), 3 Ohio St.3d 12,444 N.E.2d 1332, at the syllabus. With that in mind, we turn our attention to the individual errors assigned for review.
 II {¶ 10} Appellant asserts in his first assignment of error that the trial court erred in sentencing him on Counts III-IX. The prosecution concedes that the trial court erred in sentencing appellant for these offenses and we agree.
 {¶ 11} Counts IV-IX are fifth degree felonies. The original indictment alleged that Count III was a third degree felony but, on August 14, 2002, the prosecution amended the indictment to reflect a fifth degree felony. R.C. 2929.14(A)(5) sets out the prison sentences for fifth degree felonies ranging from six to twelve months. In sentencing appellant to one and a half years, (i.e. eighteen months) on Counts III-IX, the trial court exceeded the allowable maximum sentence. Accordingly, appellant's first assignment of error is well taken and is hereby sustained.
 III {¶ 12} We next proceed, out of order, to the fourth assignment of error which involves Count II of the indictment. As charged, this offense alleged that appellant knowingly possessed marijuana in violation of R.C. 2925.11 and that such violation is a third degree felony.[6] Generally speaking, possession of marijuana is a minor misdemeanor, Id. at (C)(3)(a). However, the offense becomes a third degree felony when the amount possessed exceeds one thousand grams. Id. at (C)(3)(d)(e). Appellant points out that the jury was not instructed that they had to find a certain amount of marijuana in his possession in order to return a guilty verdict. Absent such an instruction, appellant maintains that the jury could not find him guilty of a third degree felony. We agree.
 {¶ 13} As noted above, possession of marijuana is generally a minor misdemeanor, Id. at (C)(3)(a). The offense becomes a third degree felony when the amount in possession exceeds one thousand grams. Id. at (C)(3)(d)(e). When the severity of the offense is determined by the amount of controlled substance involved, the amount becomes an essential element of the offense. See State v.Smith (1983), 14 Ohio App.3d 366, 371, 471 N.E.2d 795. In order to obtain a conviction, the prosecution must prove that element, and the jury must so find, beyond a reasonable doubt. A jury cannot return a verdict on an offense for which it did not receive an instruction. State v. Sorrell (Nov. 1, 1991), Highland App. No. 767; also see Cherry v. Leesburg (Jul. 22, 1992), Highland App. No. 777. Thus, because the jury did not receive an instruction on the amount of marijuana it must find in order to find appellant guilty of a third degree felony violation of R.C. 2925.11, the jury could not return a verdict finding him guilty of that offense.
 {¶ 14} The prosecution does not contest that the jury instructions were incomplete. Rather, the prosecution argues that appellant did not object to the jury instruction and we should not recognize plain error because appellant cannot show that the outcome of the trial would have been different. We are not persuaded. This is not a case of an erroneous instruction — it is a case of no instruction at all. Quite simply, a jury cannot convict on an offense for which it was never instructed. We recognize that the lack of a jury instruction was the result of an unintentional oversight. Nevertheless, we again note that the jury did not receive an instruction on a critical element of the offense.
 {¶ 15} Appellant also objects to a supplementary instruction given to the jury. During deliberations, the jury sent a question to the trial court[7] "is it trafficking if you knowingly let drugs be sold from your residence and/or property?" The Court then instructed the jury that "[a] person can be an accessory, and just as guilty as the principal if you permit this." Appellant claims that this allowed the jury to find him guilty of acts committed by another person and/or "complicity" and "aiding and abetting" for which he was never charged. We disagree.
 {¶ 16} To begin, although the prosecution does not expressly address this particular argument in its brief, we believe that its contention with respect to the rest of the fourth assignment of error would apply (i.e., appellant did not object to this supplemental instruction and any potential error does not rise to the level of plain error). We also disagree with appellant's claim that the jury found him guilty of criminal acts committed by someone else. The uncontroverted evidence at trial was that the home from which the drugs were sold belonged to appellant. Both Jones and Detective McCarty testified that appellant sold the drugs. Appellant denied selling drugs and testified that two family members stayed with him at the time, but adduced no evidence to indicate that his family members sold the drugs. In short, we find no evidence before the jury established they could have found appellant guilty of complicity or aiding and abetting. Appellant either sold the drugs or he did not. The jury found that he did.
 {¶ 17} That said, we nevertheless agree with appellant that the court did not instruct the jury on the amount of marijuana necessary to return a guilty verdict on the offense charged in Count II of the indictment. Accordingly, appellant's fourth assignment of error is hereby well taken and sustained to the extent outlined above and this matter is hereby remanded for a new trial on this issue.
 IV {¶ 18} We now proceed to appellant's fifth assignment of error that also addresses Count II of the indictment. Appellant argues that the offense charged in Count II is insufficient because it did not set out the amount of marijuana he was charged with possessing. He then cites to R.C. 2945.75 which provides:
When the presence of one or more additional elements makes an offense one of more serious degree:
 {¶ 19} The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accusedis alleged to have committed, or shall allege such additionalelement or elements. Otherwise, such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense." (Emphasis added.)
 {¶ 20} Appellant argues that because the amount of marijuana was not set out in the indictment, this statute mandates that he can only be convicted of a minor misdemeanor. We disagree with appellant.
 {¶ 21} Crim.R. 7(B) requires that an indictment allege that an offender has committed an offense and give the offender adequate notice of the charges lodged against him. See State v.Joseph (1995), 73 Ohio St.3d 456, 653 N.E.2d 285; State v.Ludwick, Ashtabula App. No. 2002-A-0024, 2004-Ohio-1152, ¶ 51, fn. 17; State v. Sonko (May 22, 1996), Lorain App. No. 95CA6181. In the case sub judice, the indictment cited the statute and the degree of the offense (a third degree felony). Appellant needed only to consult the statute to find the specific amount or quantity of marijuana necessary to constitute a third degree felony. Thus, we believe that appellant did receive adequate notice of the charges against him. See, also, State v.Lyons (Sept. 22, 1994), Ross App. No. 94CA1997 (fourth degree felony theft indictment failed to include either of the elements necessary to find grand theft of the specified degree, i.e. property value greater than certain specified value or the offender had previous theft conviction — court held that because R.C. 2924.75 provides that an indictment shall state either the degree of the offense or the additional elements that make an offense more serious and that the subject indictment did state the degree of the offense, the indictment satisfied R.C.2945.75). See, also, State v. Martin (June 26, 1998), Lake App. No. 96-L-57.
 {¶ 22} Additionally, we note that no indication appears in the record that trial counsel objected to the indictment's alleged deficiency.
 {¶ 23} Accordingly, based upon the foregoing reasons we overrule appellant's fifth assignment of error.
 V {¶ 24} We now turn to the second assignment of error. Appellant asserts that the sentence he received on his conviction for Count I of the indictment (engaging in a pattern of corrupt activity) hinges on his conviction for Count II of the indictment (drug possession). Appellant reasons that because we have reversed his conviction on Count II, he cannot be convicted of a first degree felony. We agree.
 {¶ 25} Our analysis begins with R.C. 2923.32(B)(1). This statute provides that whoever violates that statutory section (and engages in a pattern of corrupt activity) is guilty of a second degree felony. If one of the incidents that gave rise to that corrupt activity in the first place is a first, second or third degree felony, the offense becomes a felony of the first degree. Id.
 {¶ 26} The indictment charged appellant with a second degree felony for violating R.C. 2923.32. On August 14, 2002, that charge was amended to a first degree felony. To sustain a conviction under that amended charge, appellant must also have been convicted of a first, second or third degree felony that was part of the pattern of corrupt activity. The only other conviction which fits that requirement was Count II (drug possession) which was charged as a third degree felony.[8]
 {¶ 27} As we noted above, appellant's conviction on Count II of the indictment cannot stand because the jury was not instructed as to the amount of marijuana necessary for a third degree felony. If the Count II conviction cannot stand, and if that conviction was the predicate offense for a conviction on Count I, it logically follows that the Count I conviction cannot stand
 {¶ 28} We note that our colleagues in the Third District reached the very same conclusion and reversed an R.C. 2923.32
conviction because inadequate jury instructions were given on an underlying predicate offense. See State v. Adkins (2000),136 Ohio App.3d 765, 737 N.E.2d 1021. The Court wrote:
"As previously noted, the felony conviction under R.C. 2923.32
returned in this case, requires that a predicate offense based on R.C. 2925.11 be at least a third degree felony (there being no fourth degree felony possession under the statute), which, in turn, requires that the possession be in an amount of at least one thousand grams. In short, for purposes of this case, the amount of one thousand grams is an essential element of the predicate offense of felony drug abuse. Nowhere does the record indicate that the jury was instructed that they must find the defendant possessed at least one thousand grams of marijuana, nor does the jury verdict otherwise indicate any finding as to the amount of marijuana. Absent either an instruction or specific jury finding as to the amount of marijuana, any verdict returned on the basis of R.C. 2925.11 cannot constitute a felony drug abuse verdict and thus, cannot constitute the requisite predicate offense for a conviction under R.C. 2923.32 as a matter of law."
 {¶ 29} We arrive at the same conclusion. Because the jury did not receive the complete instruction on the predicate offense, and because appellant could not be convicted on that offense, he also cannot be convicted for a first degree felony violation of R.C. 2923.32.
 {¶ 30} Accordingly, based upon these reasons, we hereby sustain appellant's second assignment of error.
 VI {¶ 31} Appellant argues in his third assignment of error that his conviction on Count I of the indictment was against the manifest weight of the evidence. In light of the fact that we have reversed appellant's conviction on that offense in the previous assignment of error, this assignment of error has been rendered moot and will be disregarded. See App.R. 12(A)(1)(c).
 VII {¶ 32} In his sixth assignment of error, appellant posits a shotgun argument that he was denied effective assistance of trial counsel for a number of reasons.
 {¶ 33} To obtain the reversal of a conviction on grounds of ineffective assistance of counsel, appellant must show that (1) his counsel's performance was deficient, and (2) such deficient performance prejudiced the defense so as to deprive him of a fair trial. See Strickland v. Washington (1984), 466 U.S. 668, 687,80 L.Ed.2d 674, 104 S.Ct. 2052; also see State v. Issa (2001),93 Ohio St.3d 49, 67, 752 N.E.2d 904; State v. Goff (1998),82 Ohio St.3d 123, 139, 694 N.E.2d 916. After our review of the record, we do not believe that appellant has made that showing under any of the nine alleged instances of ineffective assistance asserted in his brief.
 {¶ 34} First, appellant claims that counsel was ineffective for failing to file a motion to suppress evidence. The failure to file a motion to suppress is not per se indicative of ineffective assistance. State v. McGlone (1992), 83 Ohio App.3d 899, 903,615 N.E.2d 1139; Defiance v. Cannon (1990), 70 Ohio App.3d 821,826, 592 N.E.2d 884; also, see, State v. Kuntz (Feb. 26, 1992), Ross App. No. 1691, unreported at 4. Appellant must show that such motion would have had a reasonable probability of success.State v. Nields (2001), 93 Ohio St.3d 6, 34, 752 N.E.2d 859.
 {¶ 35} Although his argument is not entirely clear, appellant seems to suggest that the motion would have succeeded because in the affidavit for the search warrant, Detective McCarty attested that the audiotapes of the drug purchases made by Jones from appellant were clear. At trial, however, Detective McCarty testified that the tapes are not audible. From these alleged contradictory statements, appellant attempts to extrapolate an entire argument that the search warrant would have been denied and the evidence seized from the house would have been suppressed had trial counsel only filed a motion to suppress. We not persuaded.
 {¶ 36} There are several flaws in this argument. The most glaring are (1) we find no indication that trial counsel knew of Detective McCarty's allegedly contradictory statements any time prior to trial — indeed, appellant is only able to construct this argument in hindsight using Detective McCarty's trial testimony; (2) irrespective of whether the audiotapes were audible, Jones still made drug purchases from appellant's home and this provides a sufficient basis for the search warrant's issuance; and (3) Detective McCarty also heard the drug purchases over the wire that Jones was wearing at the time and this also would have provided a basis for the search warrant.
 {¶ 37} Appellant also asserts that counsel should have used these contradictory statements to impeach Detective McCarty at trial. That may be true, but appellant has not persuaded us that such an impeachment would have resulted in a different outcome. This area was only a minor point in Detective McCarty's testimony. Jones also testified concerning the drugs he purchased from appellant and Detective McCarty testified that he heard the transaction over Jones's wire. We do not see how a failure to impeach Detective McCarty on inconsistent statements with respect to whether the audiotapes were audible could have affected the outcome of the trial.
 {¶ 38} Appellant also argues that trial counsel should have attempted to suppress the ledger or otherwise challenge its admissibility at trial. Appellant offers no reason as to why the ledger should have been suppressed or excluded, however, beyond a bare statement noting the absence of any "handwriting analysis" or authentication. We point out that it is mere speculation at this point on whether the ledger would have been admitted had such challenges been made. Also, appellant did not deny that the ledger was his. Rather, appellant tried to convince the jury that the entries included in the ledger represented the sale of fractional interests in junk.
 {¶ 39} Appellant also asserts that counsel should have objected during closing argument when the prosecutor incorrectly identified some of the other drugs (e.g. valium and oxycontin) that appellant sold. We do not believe that the jury would have arrived at a different conclusion had the prosecution identified the correct drug names.
 {¶ 40} Appellant also asserts that counsel should have made a Crim.R. 29 motion for acquittal in light of some of the other problems noted earlier in this opinion. Given that we have addressed those problems, and in some cases sustained appellants' assignments of error, this issue is now moot.
 {¶ 41} Appellant also claims that defense counsel should have objected to the admission of appellant's "booking photo" because he had already been identified in court by Detective McCarty. We have no doubt that the admission of this photograph did not affect the outcome of this case.
 {¶ 42} Appellant further asserts that trial counsel was defective for failing to object to the jury charge on Count II. Again, we have already reversed appellant's conviction on that point and the issue is moot. Likewise, appellant's argument that counsel did not object to sentencing errors on the fifth degree felonies is moot because we have also sustained his assignment of error on that issue.
 {¶ 43} Appellant contends that his counsel should have challenged the prosecution's amendment of the indictment the day after trial. He does not offer any legal argument as to why such an amendment was in error, however, and we do not fault trial counsel for the same deficiency appellant himself displays on appeal.
 {¶ 44} Appellant also asserts that counsel should have objected to testimony concerning the names and dates noted in his drug ledger on the grounds that it is hearsay. Assuming arguendo that this is hearsay, we find no indication that the testimony had an impact one way or the other.[9] The most damaging evidence against appellant is the testimony of Jones and Detective McCarty who related the accounts of drug purchases and the contraband removed from appellant's home. In view of all of this evidence, we conclude that the outcome of trial would not have been otherwise had defense counsel objected to testimony concerning the notebook/ledger. Thus, we cannot conclude that appellant was prejudiced.
 {¶ 45} We emphasize that although some errors occurred during the trial court proceeding that should have prompted counsel to object, we have recognized plain error in those instances and have reversed the conviction(s) to that extent. Removing those issues from consideration, we do not believe that the further claims of ineffective assistance cited by appellant in his brief rise to the level of reversible error. Accordingly, based upon the foregoing reasons we hereby overrule appellant's sixth assignment of error.
 VIII {¶ 46} In his seventh assignment of error, appellant makes no argument. Instead, appellant states that counsel "can find no other error present in the record and requests [us] to independently review the record for any such error." We decline appellant's invitation for a number of reasons.
 {¶ 47} First, the onus is on appellant to point to errors in the record. We additionally note that the United States Supreme Court set out a procedure for something of this sort in Andersv. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, but appellant has not complied with that procedure.
 {¶ 48} Second, App.R. 16(A)(7) require a separate argument for each assignment of error. Courts are free to disregard assignments of error that are not separately argued. App.R. 12(A)(2); also, see, Park v. Ambrose (1993),85 Ohio App.3d 179, 186, 619 N.E.2d 469; State v. Caldwell (1992),79 Ohio App.3d 667, 677, 607 N.E.2d 1096, at fn. 3; State v. Houseman
(1990), 70 Ohio App.3d 499, 507, 591 N.E.2d 405. In the case sub judice, appellant does not point to any additional alleged substantive errors. For these reasons, we find no merit in the seventh assignment of error and it is accordingly overruled.
 {¶ 49} Having sustained the first and second assignment of error, and having partially sustained the fourth assignment of error, the judgment of the trial court is hereby reversed and the case is remanded for further proceedings consistent with this opinion.
Judgment Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Kline, P.J., concurs in judgment and opinion as to Assignments of Error I, II, III, IV, VI VII and dissents as to Assignment of Error V.
Harsha, J., concurs in judgment and opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal. A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment Opinion as to Assignments of Error I, II, III, IV, VI VII Dissents as to Assignment of Error V
Harsha, J.: Concurs in Judgment Opinion
[3] Jones was apparently convicted of trafficking himself several years ago and worked for the Sheriff's Department in lieu of a probation revocation for his failure to pay restitution.
[4] Count I originally alleged that the offense occurred on or about March 9, 2001. The amendment changed that to read that the offense occurred on or about "and between January 26, 2001 and March 9, 2001."
[5] For example, appellant explained that references to "1/4" or "1/8" in his ledger did not refer to 1/4 or 1/8 of an ounce of marijuana (as Detective McCarty testified was the standard drug vernacular), but rather referred to 1/4 or 1/8 of a panel from an old junk car that he would sell to someone.
[6] Appellant incorrectly states in his brief that this charge was subsequently amended to reflect a fifth degree felony. A close inspection of the August 14, 2002 entry reveals that Counts I III of the indictment were amended, but that Count II was not.
[7] We note that this issue should have been raised in an entirely separate assignment of error.
[8] All other charges against appellant, beyond Counts I II, are fifth degree felonies.
[9] We note that appellant's explanation of the ledger may have actually been more damaging to him than the testimony elicited about it on direct examination.