DECISION AND JUDGMENT ENTRY ON APPLICATION TO REOPEN
{¶ 1} This matter comes on for consideration of the appellant's application to reopen his appeal. A jury found the appellant guilty of burglary, in violation of R.C. 2911.12. We affirmed his conviction in State v. Trego (Sept. 30, 2004), Ross App. No. 04CA2763.
 {¶ 2} On November 4, 2004, the appellant filed an application to reopen his appeal and argues that his appellate counsel provided him with ineffective assistance of counsel. The State did not file a response to the appellant's application. The matter is now before us for final review and determination.
 {¶ 3} At the outset, we note that a criminal defendant is entitled to the effective assistance of appellate counsel on a first appeal as of right. Evitts v. Lucey (1985), 469 U.S. 387,396, 83 L.Ed.2d 821, 830, 105 S.Ct. 830, 836; also see Statev. Rojas (1992), 64 Ohio St.3d 131, 141, 592 N.E.2d 1376, 1386;In re Petition of Brown (1990), 49 Ohio St.3d 222, 223,551 N.E.2d 954, 955. A failure to provide such assistance amounts to a significant denial of constitutional rights and requires a reversal of the conviction. See e.g. Penson v. Ohio (1988),488 U.S. 75, 102 L.Ed.2d 300, 109 S.Ct. 346; also see Statev. Kenney (May 10, 2000), Holmes App. No. CA93-480A, unreported;State v. McComas (Feb. 3, 1995), Lawrence App. No. 93CA32, unreported.
 {¶ 4} The Ohio Supreme Court determined a number of years ago that claims of ineffective assistance of appellate counsel were to be raised by means of an "application for reconsideration."See State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204, at paragraph two of the syllabus. In so holding, the court called upon its Rules Advisory Committee to investigate whether a new rule was needed to better facilitate such claims. Id. at 66,584 N.E.2d at 1209, fn. 6. Subsequent amendments to Ohio's appellate rules provided a new vehicle called "an application to reopen appeal" in response to the Murnahan decision. See
App. R. 26(B); also see State v. Wogenstahl (1996),75 Ohio St.3d 273, 275, 662 N.E.2d 16, 17.
 {¶ 5} The standard to be employed in reviewing an ineffective assistance of appellate counsel claim is the same one used when considering such a claim made with respect to trial counsel.See e.g. State v. Nickelson (1996), 75 Ohio St.3d 10, 11,661 N.E.2d 168, 169; State v. Reed (1996), 74 Ohio St.3d 534,535, 660 N.E.2d 456, 458. Thus, a conviction will not be reversed unless the claimant can show both defective performance as well as prejudice resulting therefrom. See Strickland v.Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693,104 S.Ct. 2052, 2064; also see State v. Goodwin (1999),84 Ohio St.3d 331, 334, 703 N.E.2d 1251, 1256; State v. Goff (1998),82 Ohio St.3d 123, 129, 694 N.E.2d 916, 929; State v. Loza (1994),71 Ohio St.3d 61, 83, 641 N.E.2d 1082, 1105. An application to reopen appeal will be granted only when an applicant can show that a "genuine issue" exists as to whether he was deprived of effective assistance of appellate counsel. State v. Spivey
(1998), 84 Ohio St.3d 24, 701 N.E.2d 696. The claimant must show that a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. Stickland at 687-688. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694. App. R. 26(B)(5). The failure to make such a showing precludes an applicant from prevailing on his application. See State v. McGlone (1992),83 Ohio App.3d 899, 903, 615 N.E.2d 1139, 1142.
 {¶ 6} With this principle in mind, we turn our attention to the instant application in which the appellant raises the following "issues presented for review":
 {¶ 7} "1. Did Appellant's Counsel [W]innowing out arguments focusing on a line-up procedure imployed by police violate Appellant's Constitutional Rights, thus depriving him of reversible error when Appellant's Counsel ignored obvious and significant issues supported (staredecisis), instead counsel pursued an exploratory remedy which faltered on Appeal depriving Appellant of the Right to have violations of his Federal Rights presented for Appellate Review, which also is violative ofSixth Amendment Rights to Effective Assistance of Counsel.
 {¶ 8} 2. Did Appellant's counsel's deficient performance deprive him of arguments focusing on Fourteenth Amendment
violations involving admissibility of in-court identification."
 {¶ 9} Appellant contends, in essence, that he received ineffective assistance of counsel as envisioned by theSixth Amendment to the United States Constitution because his appellate counsel did not attack the prosecution witnesses' identification testimony. Appellant contends that the suspect's identity was the primary issue at trial. Appellant, citing Neil v. Biggers
(1972), 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401, argues as follows:
 {¶ 10} "1. The opportunity of the witness to review the criminal at the time of the crime. In this case, the witness' opportunity was of minimal duration and under poor lighting conditions.
 {¶ 11} 2. The witness' degree of attention. In this case, it may be assumed that the witness was attempting to give close attention to the matter, but it is urged, such attentiveness was not sufficient to cover the other problems with the identification.
 {¶ 12} 3. The accuracy of his prior description of the criminal. As mentioned above, Mr. Hawk's description of the person to police was different from Mr. Trego's appearance.
 {¶ 13} 4. The level of certainty demonstrated at the confrontation (line-up). Here, Mr. Hawk's identification was clearly problematic. Unable to recognize any of the pictures presented to him in the line-up, he then resorted to altering them before he could decide.
 {¶ 14} 5. The time between the crime and confrontation (the line-up). Again, here, the time involved was one day, a short period that should not allowed for such uncertainty."
 {¶ 15} After our review of the appellant's assertions concerning the prosecution witnesses' identification of the appellant, we find no genuine issue concerning counsel's effectiveness. We believe that the appellant has failed to demonstrate how the omission of an assignment of error concerning the identification procedure prejudiced his appeal.
 {¶ 16} In our opinion we noted that the prosecution's witness testified that he observed the appellant for three or four minutes from a thirty foot distance. This observation occurred under the glare of vehicle headlights as the appellant attempted to start his damaged vehicle.
 {¶ 17} Appellant notes that the authorities showed the witness a photo array and that initially, the witness did not identify the appellant's photograph. Rather, the witness identified the appellant in the photo line-up after the witness covered the top portion of the subjects' heads. The witness explained that at the time of the event, the suspect wore a bandanna and that covering the top portion of the subject's heads in the photo array helped him to make a correct identification. We see no impropriety with the witness' action in this regard. In fact, the witness' action resulted in the photograph more closely resembling the suspect as he observed him at the time of the event. Also, we note that other evidence adduced at trial connected the appellant to the crime. The appellant's vehicle contained several stolen items. Furthermore, apparently four hours prior to the commission of the crime Officer Charles Campbell, who has known the appellant for approximately six years, observed the appellant driving a dark blue Chrysler Fifth Avenue that appeared similar to the vehicle that the suspect drove and wrecked near Trego Creek Road.
 {¶ 18} After our review of the appellant's application, we believe that a reasonable probability does not exist that the result of the proceeding would have been different. As we noted in our Decision and Judgment Entry, evidence of an out-of-court identification is properly admitted into evidence unless the identification procedure was so impermissibly suggestive that a substantial likelihood of irreparable misidentification exists.State v. Barnett (1990), 67 Ohio App.3d 760, 588 N.E.2d 887. In the case sub judice, nothing has been established to support that the out-of-court photo lineup was unduly suggestive.
 {¶ 19} Therefore, for the reasons outlined above, we find that the appellant's request to reopen his appeal is without merit and his application is hereby denied.
Kline, P.J. Harsha, J.: Concur.
Application Denied.