[Cite as *State v. Motley*, 2018-Ohio-3324.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0023** |
| TIANA C. MOTLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2016 CR 00785.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor and *Pamela J. Holder,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas T. Mullen*, Thomas T. Mullen & Co., 3500 West Market Street, #4, Fairlawn, OH 44333 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}     Tiana C. Motley appeals from the judgment entry of the Portage County Court of Common Pleas, sentencing her to three years in prison for felonious assault, following jury trial.  Ms. Motley contends her trial counsel was ineffective for failing to move to suppress her confession; that the jury pool was tainted; and that her conviction is against the manifest weight of the evidence.  Finding no reversible error, we affirm.

{¶2} Ms. Motley returned to her apartment at 822 Silver Meadows Boulevard, Kent, Ohio, about 10:00 p.m. November 3, 2016, to find her boyfriend, Rodney Johnson, passed out on the couch, drunk. Ms. Motley cleaned up, but before going to bed started going through Mr. Johnson's cell phone. She found messages between Mr. Johnson and another woman. She ordered Mr. Johnson to leave. They argued. Mr. Johnson admitted at trial that each pushed the other. Ms. Motley testified he threw her to the ground once, and pushed her against walls twice, once when the argument spilled into the hallway. Mr. Johnson admitted pushing her into a wall, but not to knocking her down. Mr. Johnson tried to remove his clothing to the hallway – Ms. Motley threw some of his belongings there, too. At one point, the apartment door slammed shut and locked, while the couple were arguing in the hallway. Ms. Motley climbed back in through an unlocked window, followed by Mr. Motley. It was shortly after this that he pushed her into a wall, and she stabbed him.

{¶3} Shortly thereafter, Mr. Johnson testified Ms. Motley stabbed him with a knife that was lying on the floor. He escaped to a neighboring apartment, bleeding profusely. The neighbor called 9-1-1. Mr. Johnson suffered a serious injury, which required emergency surgery, followed by two more surgeries for complications.

{¶4} At trial, Ms. Motely testified it was after the pair climbed back into the apartment that Mr. Johnson threw her for a second time against the wall, and that he was advancing on her again, when, in fear for her life, she grabbed the knife off the floor, and stabbed him.

{¶5} Immediately after the stabbing, Ms. Motely hurriedly dressed, and drove herself to the Kent Police Department. Officer Sydney Llewellyn was one of two officers

who interviewed her. Officer Llewellyn testified that Ms. Motely seemed distraught, and appeared to have been crying. Her hair and makeup were in disarray, and her pants were on backward. Officer Llewellyn testified to the concern that Ms. Motley may have been under the influence of drugs or alcohol.

{¶6} Ms. Motley had four minor scratches to her neck. She was *Mirandized*, and signed a written *Miranda* waiver. She told the interrogating officers about the stabbing, but did not claim to them that Mr. Johnson had knocked her down, or pushed her into any wall. She did not tell the officers she had been scared of being injured by Mr. Johnson at any point during the fight. She did not tell them Mr. Johnson was advancing on her when she stabbed him.

{¶7} November 9, 2016, the Portage County Grand Jury returned a one count indictment against Ms. Motley, for felonious assault, a second degree felony in violation of R.C. 2903.11(A)(2). She was arraigned November 10, 2016, and pleaded not guilty. Extensive plea negotiations ensue, without result. The matter came on for jury trial March 30, 2017, the jury returning a verdict of guilty. Sentencing hearing went forward May 16, 2017. By a judgment entry filed May 17, 2017, the trial court sentenced Ms. Motley to three years in prison, three years post-release control, a $300 fine, and costs.

{¶8} Ms. Motley timely noticed this appeal, assigning four errors. The first reads:

{¶9} "Ineffective assistance of counsel. Defendant Tiara (sic) Motley was rendered ineffective assistance of counsel through trial counsel's failure to meet the standard of professional conduct required in various parts of the trial. Counsel's failure to file a motion to suppress Defendant Motley's confession and failure to object, and

3

request a new hearing when the jury panel was prejudicially tainted by prospective juror no. 35."

{¶10} Under this assignment of error, Ms. Motley argue she was too distraught at the time she made her confession To competently waive her *Miranda* rights, and that trial counsel was derelict in his duty to move to suppress the confession.

{¶11} In *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶8-9, the court stated:

{¶12} "In order to prevail on a claim of ineffective assistance of counsel, [appellant] must show (1) his counsel's performance was deficient in that it fell below an objective standard of reasonable representation, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. *State v. Smith* (2000), 89 Ohio St.3d 323, 327, * * *, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687, * * *; *State v.. Bradley* (1989), 42 Ohio St.3d 136, * * *, paragraph two of the syllabus.

{¶13} The failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel. *State v. Madrigal,* 87 Ohio St.3d 378, 389, * * *, citing *Kimmelman v. Morrison* (1986), 477 U.S. 365, 384, * * *; see, also, *State v. Brown,* 115 Ohio St.3d 55, 2007-Ohio-4837, * * 8, at ¶65. To establish ineffective assistance of counsel for failure to pursue a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. See *State v. Brown,* supra, at ¶65, citing *State v. Adams,* 103 Ohio St.3d 508, 2004-Ohio-5845, * * *, at ¶ 5. To prevail, [appellant] must show that a motion to suppress would have had a reasonable probability of success. See *State v. Santana* (2001), 90 Ohio St .3d 513, 515-516, * * *; See also, *State v. Chamblin,* 4th Dist. No. 02CA753, 2004-Ohio-2252, at ¶34, citing *State*

*v. Nields* (2001), 93 Ohio St.3d 6, 34, * * *. In *Nields,* supra, the Supreme Court of Ohio noted 'we have rejected claims of ineffective counsel when counsel failed to file or withdrew a suppression motion when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant.' *Nields,* supra, at 34. (Citations omitted)." (Parallel citations omitted.)

{¶14}   Applying these standards to the facts before us, we cannot find that counsel was ineffective for failing to move to suppress the confession, since it was unlikely the motion would have been granted.   Unquestionably, Ms. Motley was highly distraught when she made the confession – but the CD of the interrogation shows her delivering a clear, coherent explanation of the events.

{¶15}   The first assignment of error lacks merit.

{¶16}   Ms. Motley's second assignment of error reads: "The trial court committed plain error by refusing to dismiss the present jury and impanel a new jury following improper and prejudicial testimony by the first alternate juror no. 35 that tainted or persuaded the entire jury panel."

{¶17}   While empaneling the jury, the trial court asked prospective juror 35 to tell the court anything the juror thought the parties should know.

{¶18}   Prospective juror: "I work for the Portage Corrections Center."

{¶19}   The trial court: "Okay."

{¶20}   Prospective juror: "I'm a corrections officer.  Her last name rings a bell.  I don't remember her personally, so she must have been a model inmate while she was in there."

{¶21}   Defense counsel: "Your Honor, could we approach?"

{¶22}   The trial court and counsel decided to take prospective juror 35 to the jury room, and question her.  It turned out that prospective juror 35 had filled out Ms. Motley's bond.  Defense counsel requested that the trial court discharge the entire jury pool, for fear that prospective juror 35's implication that Ms. Motley had been in jail tainted the pool.  The trial court declined this suggestion, and instead decided to instruct the remaining jurors to ignore anything said by prospective juror 35.  Defense counsel did not object to this decision.  Prospective juror 35 was dismissed for cause, and the trial court duly gave its curative instruction.

{¶23}   Since trial counsel failed to object to the court's decision not to dismiss the entire jury panel as tainted, we may only review this assignment for plain error.  Crim.R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, paragraph three of the syllabus (1978).

{¶24}   In *State v. Hairston*, 4th Dist. Scioto No. 06CA3087, 2007-Ohio-4159, ¶12-13, appellant argued that his jury pool had been tainted, and the trial court erred by failing to grant a mistrial.  The Fourth District stated:

{¶25}   "At the outset we first note that none of the potential jurors cited in appellant's brief were empaneled to sit on the final jury.  Therefore, the pivotal issue is whether remarks from those individuals prejudiced appellant with the remaining venire. Appellant cites nothing in the record to demonstrate that these remarks biased or prejudiced the empaneled jurors other than the fact that the remarks occurred.  Generally, prejudicial effect is not presumed, but must be affirmatively shown of record.  See *State v. Treesh* (2001), 90 Ohio St.3d 460, 464, * * *; also see *State v. Feagin,* Richland App.

6

No. 05CA1, 2006-Ohio-676, at ¶ 23 (party challenging a jury panel has burden of showing the jury cannot be fair and impartial). Here, appellant has made no showing of bias or prejudice." *Id.* at ¶14.

{¶26} Similarly, Ms. Motley points to nothing in the record indicating the other jury members were biased or prejudiced by the remark of prospective juror 35. Further, the trial court gave a curative instruction, which we must presume the jury followed. *State v. Garner*, 74 Ohio St.3d 49, 59 (1995)

{¶27} The second assignment of error lacks merit.

{¶28} Ms. Motley's third assignment of error reads: "The trial court committed error in attempting to provide a brief curative instructions (sic) following prejudicial statements by alternate juror number 1." This assignment of error goes to the same issue as the second assignment of error, and Ms. Motley raises no further arguments in its support. Consequently, the same analysis applies.

{¶29} The third assignment of error lacks merit.

{¶30} Ms. Motley's fourth assignment of error reads: "The jury decision is against the manifest weight of the totality of the evidence based upon the facts presented as it relates to the defense of self defense." Ms. Motley argues that both her testimony, and that of Mr. Johnson, established that she acted in self-defense when she stabbed him.

{¶31} In *State v. Howdyshell*, 11th Dist. Ashtabula No. 96-A-0064, 1997 WL 531236, *2 (Aug. 29, 1997), this court stated, regarding manifest weight challenges:

{¶32} "[A] verdict will not be reversed on the ground that it is against the *manifest weight* of the evidence unless, "'(t)he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and

7

determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Schlee* (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, quoting *State v. Davis* (1988), 49 Ohio app.3d 109, 113, * * *." (Emphasis sic) (Parallel citation omitted.)

{¶33}   In this case, based largely on Ms. Motley's trial testimony that she acted in fear that Mr. Johnson was going to further assault her, the trial court gave a self-defense instruction.   However, we must recollect the jury also had before it the CD of her confession, during which she did not report any fear of Mr. Johnson, and stated he had not attacked her, apart from the pushing.  We must defer to the credibility determinations of the trier of fact.  *State v. DeHass*, 10 Ohio St.2d 230, paragraph one of the syllabus (1967).  Here, the jury obviously found Ms. Motley's confession more credible than her trial testimony.

{¶34}   The fourth assignment of error lacks merit.

{¶35}   The judgment of the Portage County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.