DECISION AND JUDGMENT ENTRY
{¶ 1} Donovan Taylor appeals from his conviction for trafficking in drugs and argues he received ineffective assistance of counsel. He claims his attorney failed to file a motion to suppress evidence obtained from a traffic stop for violating a Belpre City Ordinance requiring motorists to move into a nonadjacent lane when passing a stationary police car. He argues there was no probable cause to make the stop because it was impossible for him to move into the left lane as he passed the officer's stationary vehicle due to the presence of another vehicle in that lane. Contrary to Taylor's assertions, however, defense counsel did in fact file a motion to suppress the evidence, but he withdrew the motion on the day it was scheduled when Taylor was apparently unable to appear for the *Page 2 
hearing. Furthermore, the only evidence adduced at trial concerning the initial stop of Taylor came from Officer Smeeks. Because his testimony is too vague to hold in the abstract that a reasonable probability exists that a motion to suppress would have been granted, Taylor cannot show that defense counsel was deficient for failing to pursue the suppression motion. Accordingly, we reject his ineffective assistance of counsel claim.
 I. Statement of the Case and the Facts {¶ 2} Taylor was the subject of a traffic stop for failing to move into the left lane as he passed a police vehicle that was stopped along a two-lane highway. Officer Smeeks stopped Taylor for a violation of Belpre City Ordinance 333.031(a)(1), which is equivalent to R.C.4511.213. As Smeeks approached Taylor's car, he smelled burnt marijuana. After a drug dog "indicated" i.e., gave a trained response to indicate the presence of drugs, Smeeks searched Taylor's car and found 99 generic Darvocet pills in a lock box in the trunk. The pills were packaged in ten small plastic baggies that were tied off with approximately ten pills in each individual package. Taylor was subsequently indicted on one count of trafficking in drugs with specifications that are not relevant here. After Taylor pled not guilty, the court scheduled a jury trial for December 14, 2006.
 {¶ 3} On December 7, 2006, defense counsel filed a motion to suppress the evidence obtained as a result of the traffic stop. Defense counsel argued that the initial stop of Taylor for his alleged violation of Belpre City Ordinance 333.031(a)(1), as well as his prolonged seizure, violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. *Page 3 
On December 12, 2006, defense counsel filed a motion to continue the trial date because Taylor, who lived in Columbus, did not have transportation to appear for the suppression hearing scheduled for December 13, 2006. Even though the trial court never ruled on Taylor's continuance request, defense counsel withdrew the motion on December 13, 2006, and the case proceeded to a jury trial the following day.
 {¶ 4} At trial, Officer Smeeks described his initial stop of Taylor:
 I was actually on a traffic stop with my overhead lights on, just east of — east of Farson Street, on U.S. 50. I was clearing from the stop, but I still had my emergency lights on. I was going to pull out, and I noticed a car coming up behind me, two of them, and one was close to me and one was further back from that vehicle, in the left lane. The State of Ohio requires that you move over, if you can. So I waited for this, so I wouldn't pull out in from [sic] of them. I waited for them to pass me. Well, they didn't get over, so that's a violation. A lot of times, I get intoxicated drivers that time of night that do that. So, I — I pulled out and kept my lights on, and I stayed behind them for quite a little ways, flashing my bright light in their windows, trying to get them to pull over. They finally stopped, and that's what I stopped them for.
 {¶ 5} On cross-examination, Officer Smeeks testified:
Q. Okay. All right. You're on U.S. 50, correct?
A. Yes.
Q. And you're just done with a traffic stop, I believe, correct?
A. That's correct.
Q. And you're ready to pull back on the road, but you want traffic to pass you, correct? *Page 4 
A. That's correct.
Q. And under the — I guess it's a new law, if — if adjoin — if traffic can move over to the far lane, it has to, correct?
A. That's correct.
Q. And that's the only reason why you stopped Mr. Taylor in this case, correct?
A. Initially, yes.
 II. Assignment of Error {¶ 6} Taylor presents one assignment of error:
 Trial counsel provided ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, for failing to move to suppress any evidence obtained as a result of the illegal stop of Donovan Taylor.
 III. Ineffective Assistance of Counsel {¶ 7} In his sole assignment of error, Taylor contends that defense counsel rendered ineffective assistance of counsel by failing to file a motion to suppress the evidence obtained as a result of the traffic stop. Because the record is too undeveloped to support his contention that defense counsel was deficient for failing to pursue the motion, we reject his claims.
 {¶ 8} In order to prevail on a claim of ineffective assistance of counsel, Taylor must show (1) his counsel's performance was deficient in that it fell below an objective standard of reasonable representation, and (2) the deficient performance prejudiced his defense so as to deprive him of a fair trial. State v. Smith (2000), 89 Ohio St.3d 323,327, 2000-Ohio-166, 731 N.E.2d 645, citing *Page 5 Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.
 {¶ 9} The failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel. State v.Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, 721 N.E.2d 52, citingKimmelman v. Morrison (1986), 477 U.S. 365, 384, 106 S.Ct. 2574,91 L.Ed.2d 305; see, also, State v. Brown, 115 Ohio St.3d 55,2007-Ohio-4837, 873 N.E.2d 858, at ¶ 65. To establish ineffective assistance of counsel for failure to pursue a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. See State v. Brown, supra, at ¶ 65, citing State v.Adams, 103 Ohio St.3d 508, 2004-Ohio-5845, 817 N.E.2d 29, at ¶ 35. To prevail, Taylor must show that a motion to suppress would have had a reasonable probability of success. See State v. Santana (2001),90 Ohio St.3d 513, 515-516, 2001-Ohio-7, 739 N.E.2d 798; See also, State v.Chamblin, 4th Dist. No. 02CA753, 2004-Ohio-2252, at ¶ 34, citingState v. Nields (2001), 93 Ohio St.3d 6, 34, 2001-Ohio-1291,752 N.E.2d 859. In Nields, supra, the Supreme Court of Ohio noted "we have rejected claims of ineffective counsel when counsel failed to file or withdrew a suppression motion when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant." Nields, supra, at 34. (Citations omitted).
 {¶ 10} When considering whether trial counsel's representation amounts to a deficient performance, "a court must indulge a strong presumption that *Page 6 
counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1985), 17 Ohio St.3d 98, 100,477 N.E.2d 1128. Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988),37 Ohio St.3d 153, 156, 524 N.E.2d 476.
 {¶ 11} Taylor's argument is premised upon his contention that Officer Smeeks lacked probable cause to stop him for his alleged violation of Belpre City Ordinance 333.031(a)(1), which states:
 (a) The driver of a motor vehicle, upon approaching a stationary public safety vehicle that is displaying a flashing red light, flashing combination red and white light, oscillating or rotating red light, oscillating or rotating combination red and white light, flashing blue light, flashing combination blue and white light, oscillating or rotating blue light, or oscillating or rotating combination blue and white light, shall do either of the following:
 (1) If the driver of the motor vehicle is traveling on a street or highway that consists of at least two lanes that carry traffic in the same direction of travel as that of the driver's motor vehicle, the driver shall proceed with due caution and, if possible with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle. [Emphasis supplied.]
 * * * *Page 7 
Because there was another vehicle traveling behind him in the left lane, Taylor argues the officer could not have had a reasonable belief that he violated the ordinance.
 {¶ 12} Contrary to Taylor's claims, however, defense counsel did file a motion to suppress, and he specifically argued that the initial stop of Taylor for his alleged violation of the ordinance violated his rights under the Fourth Amendment to the United States Constitution and ArticleI, Section 14 of the Ohio Constitution. While defense counsel did not ultimately pursue the motion, the fact that he filed the motion, and later withdrew the motion, is evidence of a tactical decision. "Filing a motion to suppress is not without risks, and the fact that counsel filed a motion for leave to file the motion to suppress, and later withdrew that motion, is compelling evidence of a tactical decision. It is not mere speculation to presume that defense counsel obtained information concerning the suppression motion that led to its withdrawal." State v.Madrigal, 87 Ohio St.3d at 389.
 {¶ 13} The record indicates that Taylor was not available to testify at the suppression hearing on his own behalf, and defense counsel may have reasonably believed that his testimony was necessary to successfully challenge the admissibility of the evidence. Defense counsel requested a continuance of the trial date, arguing that he needed additional time for the suppression hearing. Specifically, he told the trial court that Taylor was unable to appear for the suppression hearing scheduled for December 13, 2006, due to transportation issues. The record is silent concerning when counsel first learned of Taylor's *Page 8 
unavailability, what efforts Taylor made to arrange transportation and when he first leaned about the hearing. The trial court did not grant the continuance and defense counsel withdrew his motion the day the suppression hearing was scheduled to occur. Based on these circumstances, we believe that Taylor fails to overcome the strong presumption that defense counsel's decision to withdraw the motion to suppress was a sound tactical decision.
 {¶ 14} Furthermore, the record developed at trial lacks sufficient evidence for us to determine whether a suppression motion would have had a reasonable probability of success. As we have previously acknowledged, it may be difficult for a defendant to establish in hindsight that a suppression motion would have been granted on the basis of evidence contained in a trial transcript. State v. Morrison, 4th Dist. No. 03CA13, 2004-Ohio-5724, at ¶ 16, citing State v. Culbertson (Nov. 13, 2000), Stark App. 2000CA00129 ("when counsel fails to file a motion to suppress, the record developed at trial is generally inadequate to determine the validity of the suppression motion"); State v.Parkinson (May 20, 1996), Stark App. No. 1995CA00208 ("Where the record is not clear or lacks sufficient evidence to determine whether a suppression motion would have been successful, a claim for ineffective assistance of counsel cannot be established.") Here, the record is simply too undeveloped to demonstrate that Officer Smeeks lacked probable cause to stop Taylor for violating the ordinance.
 {¶ 15} Traffic stops are seizures within the protection of theFourth Amendment. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889. A traffic stop is reasonable when an officer possesses probable cause to believe *Page 9 
that an individual has committed a traffic violation. See Whren v.United States (1996), 517 U.S. 806, 809, 116 S.Ct. 1769, 135 L.Ed.2d 89, see, also, Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12,665 N.E.2d 1091. In the absence of probable cause to believe that the driver of a vehicle has committed a traffic violation, a law enforcement officer may not stop the vehicle unless the officer observes facts giving rise to a reasonable suspicion of criminal activity, including a traffic violation. See, generally, Terry, supra; State v. Andrews (1991),57 Ohio St.3d 86, 565 N.E.2d 1271; State v. Venham (1994),96 Ohio App.3d 649, 654, 645 N.E.2d 831. To justify a traffic stop based upon less than probable cause, the officer must be able to articulate specific facts which would warrant a person of reasonable caution in the belief that the person stopped has committed or is committing a crime, including a minor traffic violation. See Erickson, 76 Ohio St.3d at 11-12;Terry, supra. It is well-settled that a law enforcement officer possesses both reasonable suspicion and probable cause to stop a vehicle when the officer observes a traffic violation.
 {¶ 16} A court that is determining whether a law enforcement officer possessed reasonable suspicion or probable cause to stop a vehicle must examine the "totality of the circumstances." See, e.g., United States v.Arvizu (2002), 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740. Moreover, the "touchstone" of a Fourth Amendment analysis is the reasonableness of the intrusion. See, e.g., Pennsylvania v. Mimms
(1977), 434 U.S. 106, 108-109, 98 S.Ct. 330, 54 L.Ed.2d 331. *Page 10 
 {¶ 17} Belpre City Ordinance 333.031(a)(1) requires a driver traveling on a two-lane highway, upon approaching a stationary public safety vehicle that is displaying its lights, to proceed with due caution and, if possible with due regard to the road, weather, and traffic conditions, change lanes into a lane that is not adjacent to that of the stationary public safety vehicle.
 {¶ 18} The only evidence concerning Taylor's alleged violation of the ordinance came from Officer Smeeks' testimony. Officer Smeeks testified that he had just completed a traffic stop of another vehicle and was "clearing from the stop" with his emergency lights still on. He testified that he was preparing to pull back onto the road when he "noticed a car coming up behind me, two of them, and one was close to me and one was further back from that vehicle, in the left lane." He stated that the law requires a driver to "move over, if you can" and that he waited for "this." He then stated that "they didn't get over, so that's a violation." Later, on cross-examination, he answered in the affirmative when defense counsel asked if the law required traffic to move over to the far lane if it can and if that was the only reason he stopped Taylor.
 {¶ 19} While Officer Smeeks' testimony is some evidence that there was another vehicle in the left lane "further back" from Taylor's vehicle, it does not support Taylor's current contention that it was impossible for Taylor to change lanes. Rather, Officer Smeeks' testimony that the law requires a driver to "move over, if you can" and that he stopped Taylor for that reason suggests that the other vehicle was far enough back to allow Taylor to safely move into the left lane as he passed the officer's vehicle. Thus, the only evidence in the record *Page 11 
suggests that Officer Smeeks possessed at least a reasonable, articulable suspicion that Taylor had committed a traffic violation. Though Taylor claims that he could not change lanes, without more evidence to establish the location of Taylor's vehicle in relation to the one traveling behind him, we cannot conclude a reasonable probability exists that the trial court would have granted the suppression motion had defense counsel pursued it. The evidence adduced at trial concerning Taylor's initial stop is too vague to hold in the abstract that a reasonable probability exists that a motion to suppress would have been granted. Because Taylor cannot establish there was a basis to suppress the evidence in question, we reject his claim that defense counsel was deficient for failing to pursue the suppression motion.
 {¶ 20} Accordingly, we overrule Taylor's sole assignment of error.
 JUDGMENT AFFIRMED. *Page 12 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J McFarland, J.: Concur in Judgment and Opinion. *Page 1