DECISION AND JUDGMENT ENTRY
{¶ 1} John L. Siders appeals his conviction for illegal manufacture of drugs, arguing that he received ineffective assistance of counsel because trial counsel failed to file a motion to suppress evidence and because counsel failed to present a defense. Siders fails to show, or even argue, that a motion to suppress would have had a reasonable probability of success. And, our review of the record does not reveal that a suppression motion would have had a reasonable probability of success. Consequently, he is unable to demonstrate that defense counsel was ineffective for failing to file a motion to suppress. Moreover, defense counsel's decision concerning whether to call witnesses generally is a matter of trial strategy. Here, Siders points to nothing in the record that demonstrates what potentially favorable evidence defense counsel might have presented. Rather, his argument that defense counsel was ineffective for failing to present a defense is conclusory and thus is insufficient to *Page 2 
demonstrate ineffective assistance of counsel. Therefore, his assignment of error is meritless, and we affirm the trial court's judgment.
 I. FACTS {¶ 2} In September 2005, law enforcement officers responded to a tip of a methamphetamine lab at 2650 Bladen Road. Upon their arrival, Leechona Clagg, the apparent homeowner, answered the door. The officers advised her of the reason for their presence, and she allowed the officers to enter. Upon entering, the officers smelled a strong chemical smell and noticed a haze inside the home. The officers discovered Siders in one of the bedrooms.
 {¶ 3} Gallia County Sheriffs Captain John Perry subsequently interviewed Siders. Before the interview began, Siders executed a waiver of rights form. Siders apparently made incriminating statements during the interview.[1]
 {¶ 4} After Siders entered a not guilty plea, he changed his plea to not guilty by reason of insanity. A subsequent mental examination concluded that he did not suffer from a mental disease or defect at the time of the commission of the offense and that he understood the wrongful nature of his actions.
 {¶ 5} Later, defense counsel filed a motion to withdraw. He claimed that Siders refused to talk with him or to discuss his case and that Siders accused him of working with the prosecution and law enforcement officers. The trial court overruled defense counsel's request to withdraw. Defense counsel then filed a motion to appoint John R. Lentes as co-counsel. The court granted this request. *Page 3 
 {¶ 6} The jury subsequently found Siders guilty of illegal manufacture of drugs, in violation of R.C. 2925.04(A). The court sentenced him to eight years in prison.
 II. ASSIGNMENT OF ERROR {¶ 7} Siders raises one assignment of error: "Appellant lacked effective assistance of counsel."
 III. INEFFECTIVE ASSISTANCE OF COUNSEL {¶ 8} In his sole assignment of error, Siders asserts that trial counsel rendered ineffective assistance of counsel by failing to file a motion to suppress his videotaped statement. He summarily argues that counsel's failure to file the motion violated counsel's essential duties and prejudiced him. Siders also summarily argues that counsel's "decision to not present any defense severely limited any potential defense and was a very risky decision."
 A. STANDARD OF REVIEW {¶ 9} "Reversal of a conviction or sentence based upon ineffective assistance of counsel requires satisfying the two prong test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. Under Strickland the defendant must show, first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Id. at 687, 104 S.Ct. 2052, 80 L.Ed.2d 674. In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have *Page 4 
been different. Id.; State v. Bradley (1989), 42 Ohio St.3d 136, 143,538 N.E.2d 373." State v. Conway, 109 Ohio St.3d 412, 2006-Ohio-2815,848 N.E.2d 810, at ¶ 95.
 {¶ 10} When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." State v. Taylor, Washington App. No. 07CA11, 2008-Ohio-482, at ¶ 10, citing State v. Smith (1985),17 Ohio St.3d 98, 100, 477 N.E.2d 1128. Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. See State v. Gondor, 112 Ohio St.3d 377,2006-Ohio-6679, 860 N.E.2d 77, at ¶ 62; State v. Hamblin (1988),37 Ohio St.3d 153, 156, 524 N.E.2d 476.
 B. MOTION TO SUPPRESS {¶ 11} "The failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel."Taylor, at ¶ 9, citing State v. Madrigal, 87 Ohio St.3d 378, 389,2000-Ohio-448, 721 N.E.2d 52, and Kimmelman v. Morrison (1986),477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305; see, also, State v.Brown, 115 Ohio St.3d 55, 2007-Ohio-4837, *Page 5 873 N.E.2d 858, at ¶ 65. Instead, to establish ineffective assistance of counsel for failure to file a motion to suppress, a defendant must prove that there was a basis to suppress the evidence in question. SeeBrown, at ¶ 65, citing State v. Adams, 103 Ohio St.3d 508,2004-Ohio-5845, 817 N.E.2d 29, at ¶ 35. In other words, the defendant must show that a motion to suppress would have had a reasonable probability of success. See State v. Santana (2001), 90 Ohio St.3d 513,515-516, 2001-Ohio-7, 739 N.E.2d 798; see also, State v. Chamblin, Adams App. No. 02CA753, 2004-Ohio-2252, at ¶ 34, citing State v. Nields
(2001), 93 Ohio St.3d 6, 34, 2001-Ohio-1291, 752 N.E.2d 859. InNields, supra, the Supreme Court of Ohio noted that it has "rejected claims of ineffective counsel when counsel failed to file or withdrew a suppression motion when doing so was a tactical decision, there was no reasonable probability of success, or there was no prejudice to the defendant." Id. (citations omitted). Furthermore, this court has previously acknowledged that a defendant bears a difficult burden in establishing that a trial court would have granted a suppression motion based on evidence contained in the trial transcript. SeeTaylor, at ¶ 14, citing State v. Morrison, Highland App. No. 03CA13,2004-Ohio-5724, at ¶ 16, citing State v. Culbertson (Nov. 13, 2000), Stark App. No. 2000CA00129 ("when counsel fails to file a motion to suppress, the record developed at trial is generally inadequate to determine the validity of the suppression motion"); State v.Parkinson (May 20, 1996), Stark App. No. 1995CA00208 ("Where the record is not clear or lacks sufficient evidence to determine whether a suppression motion would have been successful, a claim for ineffective assistance of counsel cannot be established."). *Page 6 
 {¶ 12} Here, Siders offers no argument that a motion to suppress the videotape would have had a reasonable probability of success. He includes no claim that his videotaped statement violated the United States or Ohio Constitutions. We can only speculate that his argument would be that he did not knowingly, intelligently, and voluntarily provide his statement. Based upon the evidence contained in the trial transcript, any claim that Siders did not knowingly, intelligently, and voluntarily provide his statement is meritless. The transcript shows that Siders signed a waiver of rights form, and the law enforcement officer testified that he reviewed the form with Siders and that Siders indicated his understanding of his rights and consented to give a statement. Nothing in the record indicates that Siders was under any undue police coercion or duress. And, there is nothing else in the record to indicate that the statement was anything other than knowingly, intelligent, and voluntary.
 {¶ 13} Moreover, Siders failed to ensure that his videotaped statement, which the state played at trial, was transcribed for appellate review. App. R. 9(A) states:
 "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form. * * * When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs."
 {¶ 14} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record * * * * When portions of the *Page 7 
transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384; see, also,Daniels v. Santic, Geauga App. No. 2004-6-2570, 2005-Ohio-1101, at ¶ 12
(noting that an appellate court cannot review the assignments of error that depend on a transcript, where the appellant fails to comply with requirements for transcribing relevant portions of a videotape proceeding).
 {¶ 15} Thus, Siders' failure to ensure that the videotaped statement was transcribed for appellate review further limits our ability to determine whether he knowingly, intelligently, and voluntarily gave his statement to the law enforcement officer.
 {¶ 16} To the extent Siders asserts counsel was ineffective for failing to view the videotape, his contention is unavailing. The transcript shows that while Attorney Lentes did not view the videotape, co-counsel, who was Siders' original counsel, viewed the videotape on more than one occasion. Additionally, Siders does not explain how Lentes' failure to view the videotape affected the outcome of the trial.
 {¶ 17} Consequently, Siders' claim that defense counsel rendered ineffective assistance of counsel by failing to file a motion to suppress the videotaped statement is baseless. *Page 8 
 C. FAILURE TO PRESENT EVIDENCE {¶ 18} Siders next summarily asserts that defense counsel rendered ineffective assistance of counsel by failing to present a defense.
 {¶ 19} "`Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court.'" State v. Leonard, 104 Ohio St.3d 54, 2004-Ohio-6235,818 N.E.2d 229, at ¶ 143, quoting State v. Treesh (2001),90 Ohio St.3d 460, 490, 739 N.E.2d 749. Siders has not directed us to any portion of the record that identifies any witnesses who could have provided favorable testimony on his behalf. Absent any such evidence, we cannot say that trial counsel's decision not to call any witnesses was deficient. Cf. State v. Ball, Hocking App. No. 07CA2, 2008-Ohio-337, at ¶ 56. To the extent such evidence exists, but remains outside the record, this is not the proper context for such an attack.
 {¶ 20} Moreover, "[c]onclusory assertions are insufficient to demonstrate ineffective assistance of counsel." State v. Horton, Franklin App. No. 06AP-311, 2007-Ohio-4309, at ¶ 43, citing State v.Hall, Franklin App. No. 04AP-1242, 2005-Ohio-5162, at ¶ 58, andState v. Buckingham, Montgomery App. No. 19205, 2003-Ohio-44, at ¶ 17; see, also, State v. Estep (May 5, 1996), Ross App. No. 94CA2072. Here, Siders' claim that defense counsel was ineffective for failing to present a defense is conclusory, consisting of only one sentence. This is not sufficient to demonstrate ineffective assistance of counsel.
 {¶ 21} Accordingly, we overrule Siders' sole assignment of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
For the Court
BY: ________________________
William H. Harsha, Judge
[1] As we observe infra, Siders failed to ensure that the videotaped statement, which the state introduced at trial, was transcribed. *Page 1