[Cite as *State v. Morisak*, 2016-Ohio-8275.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                      :            Case No. 15CA21

    v.                                                    :            DECISION AND
                                  JUDGMENT ENTRY

VANSON MORISAK,                            :

    Defendant-Appellant.                  :            RELEASED: 12/15/2016

_____

APPEARANCES:

Robert W. Bright, Middleport, Ohio for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney and C. Michael Gleichauf, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio for appellee.

_____

Hoover, J.

{¶ 1} Defendant-appellant Vanson Morisak ("Morisak") appeals his sentence from the Lawrence County Common Pleas Court. Morisak pleaded guilty to one count of burglary, a second degree felony, in violation of R.C. 2911.12(A)(3). In exchange for Morisak's guilty plea, the State of Ohio ("State") recommended a sentence of four years in prison. The trial court accepted Morisak's guilty plea, found him guilty of the offense of burglary, and sentenced him to four years in prison.

{¶ 2} Here on appeal, Morisak asserts two assignments of error. In his first assignment of error, Morisak contends that the trial court erred by failing to notify him of the mandatory period of post-release control required for his conviction. After a review of the record, we find that Morisak is correct that the trial court failed to notify him about post-release control at the

sentencing hearing. Accordingly, we sustain Morisak's first assignment of error and remand this cause for resentencing limited to the issue of the proper imposition of post-release control.

{¶ 3} In his second assignment of error, Morisak raises two issues, (1) that his trial counsel was ineffective and (2) that he suffered from a drug and alcohol addiction. We find that these claims are without merit. Therefore, we overrule Morisak's second assignment of error.

{¶ 4} Accordingly, we affirm Morisak's convictions but remand this cause for resentencing limited to the issue of the proper imposition of post-release control. We affirm in part and reverse in part the judgment of the trial court; and we remand the cause for proceedings consistent with this decision.

## I. Facts and Procedural Posture

{¶ 5} In May 2015, a complaint against Morisak for a charge of burglary was filed in the Lawrence County Municipal Court. In June 2015, the Lawrence County Grand Jury indicted Morisak on one count of burglary, a second degree felony, in violation of R.C. 2911.12(A)(3). The record is sparse with respect to the facts underlying the indictment. However, we have discerned that Morisak had entered the home of Eric Wall without his permission. Morisak took a four-wheeler, a ramp to load the vehicle, and some miscellaneous tools from the attached garage.

{¶ 6} In July 2015, Morisak waived his right to a trial by jury and pleaded guilty to one count of burglary as charged in the indictment. In exchange for Morisak's plea of guilty, the State recommended a sentence of four years in prison. The trial court sentenced Morisak to four years in prison. On August 26, 2015, the trial court filed its final judgment entry. The entry reflected that "[t]he Court informed the Defendant that he shall be subject to a period of post-

release control." However, after reviewing the transcript of the sentencing hearing, it is apparent that the trial court did not notify Morisak about post-release control at the sentencing hearing.

{¶ 7} On September 28, 2015, Morisak, through appellate counsel, filed a notice of appeal. Because his notice of appeal was filed late, Morisak subsequently filed a motion for leave to file a delayed appeal. This Court granted Morisak's motion; and the appeal proceeded.

{¶ 8} On December 23, 2015, Morisak's appellate counsel then filed a brief and motion to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, appellate counsel raised the issue of the trial court's failure to impose post-release control as a potential assignment of error. We granted the motion to withdraw; but we appointed new counsel to prepare an appellate brief for Morisak discussing the post-release control issue, as well as any further arguable issues, which could be found in the record. New appellate counsel was appointed; and now Morisak presents this appeal.

## II. Assignments of Error

{¶ 9} Morisak presents the following assignments of error for our review:

First Assignment of Error:

> The trial court erred by failing to accurately notify appellant about post-release control and/or the potential consequences for violating post-release control at appellant's sentencing hearing.

Second Assignment of Error:

> Additional issues that appellant wants argued but for which appellant's counsel believes there is not sufficient basis in law or fact to argue.

## III. Law and Analysis

**A. First Assignment of Error- The Trial Court Failed to Inform Morisak Of Post-Release Control During The Sentencing Hearing.**

{¶ 10} In his first assignment of error, Morisak contends that the trial court failed to properly notify him about post-release control during sentencing. Morisak asserts that (1) at the change of plea hearing, the trial court suggested that post-release control was discretionary rather than mandatory; and (2) at the sentencing hearing, the trial court did not even mention post-release control. Although Morisak references the change of plea hearing, in his appellate brief he specifically requests that "the post-release control portion of his sentence be set aside and asks this court order the same." Therefore, we will only address Morisak's challenge to the post-release control portion of his sentence.

{¶ 11} The State, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, asserts that the Ohio Supreme Court has held that when a trial court fails to properly impose post-release control only that portion of the sentence is void. Accordingly, the State argues that the proper remedy is to remand this cause to the trial court for resentencing limited to the proper imposition of post-release control.

### 1. Standard of Review

{¶ 12} When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2). *See State v. Marcum*, _____Ohio St.3d _____, 2016-Ohio-1002, ___ _____N.E.3d _____, ¶ 1. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law."

### 2. Analysis

{¶ 13} In this case, while the final judgment entry states, "[t]he Court informed the Defendant that he shall be subject to a period of post-release control[,]" a review of the sentencing hearing transcript reveals no such notification.

Under R.C. 2929.19(B)(2)(c) and (e), a trial court must notify certain felony offenders at the sentencing hearing that: 1.) the offender is subject to statutorily mandated postrelease control; and 2.) the parole board may impose a prison term of up to one-half of the offender's originally-imposed prison term if the offender violates the post-release control conditions. Not only is a trial court required to notify the offender about postrelease control at the sentencing hearing, it is further required to incorporate that notice into its journal entry imposing sentence. However, the main focus of the postrelease control sentencing statutes is on the notification itself and not on the sentencing entry.

(Citations and quotations omitted.) *State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014–Ohio–3389, ¶ 36. "When a trial court fails to provide the required notification at either the sentencing hearing or in the sentencing entry, that part of the sentence is void and must be set aside." (Emphasis sic.) *Id*. at ¶ 37, citing *Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 at ¶¶ 27–29. " '[I]n most cases, the prison sanction is not void and therefore "only the offending portion of the sentence is subject to review and correction." ' " *Id*., quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013–Ohio–5014, 1 N.E.3d 382, ¶ 7, quoting *Fischer* at ¶ 27.

{¶ 14} The trial court convicted Morisak of a second degree felony. Thus, Morisak was subject to a mandatory period of three years of post-release control. R.C. 2967.28(B)(2). After a review of the sentencing hearing transcript, it is clear that the trial court did not inform Morisak that he would be subject to post-release control, nor did it inform him of the sanctions for

violation of post-release control. Because the trial court failed to do so, that portion of Morisak's sentence is void; and we sustain his first assignment of error.

### B. Second Assignment of Error- Morisak's Other Arguments Are Without Merit.

{¶ 15} In his second assignment of error, Morisak's appellate counsel raises two potential issues but also states that there is nothing in the record to establish either claim. The two arguments are (1) that Morisak's trial counsel was ineffective and (2) that Morisak has serious drug or alcohol addiction issues. The State argues that neither claim has merit.

### 1. Ineffective Assistance of Counsel

{¶ 16} Criminal defendants have a right to counsel, including a right to the effective assistance from counsel. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), fn. 14; *State v. Stout,* 4th Dist. Gallia No. 07CA5, 2008-Ohio-1366, ¶ 21. To establish constitutionally ineffective assistance of counsel, a criminal defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Issa,* 93 Ohio St.3d 49, 67, 752 N.E .2d 904 (2001); *State v. Goff,* 82 Ohio St.3d 123, 139, 694 N.E.2d 916 (1998). "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation. To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. "Failure to establish either element is fatal to the claim." *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.

{¶ 17} "When considering whether trial counsel's representation amounts to deficient performance, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *State v. Walters,* 4th Dist. Washington Nos. 13CA33, 13CA36, 2014-Ohio-4966, ¶ 23, quoting *Strickland* at 689. "Thus, 'the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' " *Id.*, quoting *Strickland* at 689. " 'A properly licensed attorney is presumed to execute his duties in an ethical and competent manner.' " *Id.*, quoting *State v. Taylor,* 4th Dist. Washington No. 07CA1, 2008-Ohio-482, ¶ 10. "Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment." *Id.*

{¶ 18} At a hearing before the trial court on July 15, 2015, Morisak stated that he "felt very uncomfortable" because counsel, other than his appointed counsel, represented him at his arraignment. Morisak then requested that his appointed counsel be replaced. The trial court denied Morisak's request. The trial court explained that Morisak simply entered a plea of not guilty at arraignment. Therefore, Morisak took no action that determined the outcome of his case.

{¶ 19} We agree with the trial court regarding Morisak's arraignment. Also, in the form "PROCEEDING ON PLEA OF GUILTY" Morisak answered "yes" to question number 5, "Did your attorney explain to you your constitutional rights and what might happen to you if you plead guilty?" Further, Morisak answered "yes" to question number 7, "Do you have confidence in your attorney?" During the change of plea hearing, the trial court engaged in the following exchange with Morisak:

Court:     The second [document Morisak signed in relation to his guilty plea] is a proceeding on plea of guilty which is four pages, twenty six questions that you answer with the help of your defense attorney and sir is that your signature at the bottom of the last page?

Morisak:   Yes sir.

Court:     The answers that you gave to these questions are they truthful to the best of your knowledge?

Morisak:   Yes sir.

(7-22-15, pg. 2-3)

{¶ 20} Based on the foregoing, Morisak cannot demonstrate that but for his trial counsel's performance, the outcome of his proceedings would have been different. Accordingly, we do not find that Morisak's trial counsel was ineffective.

## 2. Morisak's Drug/Alcohol Addiction

{¶ 21} Morisak's appellate counsel states that Morisak told him about an addiction issue. However, there is nothing in the record indicating that Morisak raised this issue before the trial court. Therefore, nothing exists in the record that we can rely upon to find that Morisak's addiction affected the outcome of his case or rendered his guilty plea invalid.

{¶ 22} Accordingly, we overrule Morisak's second assignment of error.

## IV. Conclusion

{¶ 23} Based on the foregoing, we affirm Morisak's convictions, but remand the matter for resentencing limited to the issue of the proper imposition of post-release control.

JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED IN PART, REVERSED IN PART and that the CAUSE BE REMANDED for further proceedings consistent with this opinion. Appellant and appellee shall split the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
         Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**